IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-351-FL

| WAYNE CHEW, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | PROTECTIVE |
| v. | ) | ORDER |
| | ) | |
| PROGRESSIVE UNIVERSAL | ) | |
| INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

1. This order shall be in effect and shall govern such documents produced and information provided by Defendants Progressive Universal Insurance Company ("Progressive Universal") in the instant litigation which are (a) either agreed to by the parties to be "Confidential," (b) are specified "Confidential" by court order or (c) designated by Progressive Universal as being Confidential subject to timely objection by the receiving party, and then only until such time as the court holds that any such documents are not Confidential.

2. Documents governed by Item 1 above shall be protected as "CONFIDENTIAL MATERIALS" under the terms of this order when the same have also had affixed to them the following notice:

> CONFIDENTIAL MATERIALS PRODUCED IN CONJUNCTION
> WITH THE LAWSUIT CHEW V. PROGRESSIVE UNIVERSAL
> INS. CO., THIS MATERIAL MAY BE SHOWN OR DISCLOSED
> ONLY TO PARTIES TO THIS LITIGATION, THEIR

ATTORNEYS, OR OTHER PERSONS EXPRESSLY DESIGNATED IN THE CONSENT PROTECTIVE ORDER ENTERED BY THE COURT IN THIS LAWSUIT.

3. Counsel and the parties shall not disclose, make available or communicate confidential materials to any person, entity or organization except to those persons designated in this order and only in accordance with the procedures established by this order. In this regard:

   (a) Counsel may disclose such information to clerical personnel and attorneys directly employed by their law firms to the extent that the disclosures are necessary for the preparation of this litigation for trial or appeal. All such clerical personnel and attorneys shall be bound by the provisions of this order.

   (b) All persons to whom disclosure is to be made [other than those persons described in subparagraph 3 (a) above] shall acknowledge, in writing, the terms of this order. Each such person shall agree that the disclosed information is confidential, is not to be disclosed by him or her or to anyone else and is not to be used for any purpose other than the preparation of this litigation for trial or appeal.

   (c) Counsel for parties to whom confidential materials have been produced or disclosed shall not, without prior consent of counsel for the party who produced or disclosed the materials, disclose the confidential materials except as provided by the terms of this order.

4. The parties, through counsel of record in this litigation, may disclose confidential materials to expert witnesses or consultants provided that the following procedures and restrictions

shall apply to such disclosure:

(a) Before receiving confidential materials, the expert witness or consultant shall execute an acknowledgment that he or she has received copy of this order, has reviewed a copy of this order and that he or she understands that he or she is bound by the provisions of this order;

(b) No expert witness or consultant to whom such confidential materials have been disclosed shall use such information except for preparation for trial of this litigation, the trial itself or an appeal of this litigation; and

(c) No such expert or consultant shall disclose confidential materials he or she has received hereunder to any other person or entity, other than to his or her staff in connection with the instant litigation, without prior written consent of counsel for the party who produced or provided the confidential information.

5. Nothing contained in this order shall be construed to prejudice Plaintiff's right to use, in open court, or in depositions, any confidential materials. If utilized in depositions, the exhibits shall be sealed and not be disclosed outside the confines of the depositions unless provided otherwise by order of the Court.

6. Upon termination of this litigation, confidential materials, including all copies or other reproductions thereof, shall be returned to the producing party or its counsel or destroyed by shredding or other similar destructive mechanism that precludes the contents of such materials from being reviewed or utilized by any person or entity. Said return or destruction

of such documents shall be done promptly, and in no event more than thirty (30) days after final adjudication or other resolution of this action, including all appeals. Counsel who received the confidential materials shall certify in writing to the party producing the material, within a reasonable period of time not to exceed thirty (30) days after final adjudication or other resolution of this action, including all appeals, that they have returned or destroyed all such materials, including all copies or other reproductions of said materials, in accordance with the requirements of this Order.

7. The provisions of this protective order insofar as they restrict the communication and use of confidential materials shall, absent written permission of the producing party, continue to be binding after the conclusion of this action, including any and all appeals.

8. Persons attending depositions taken in this action at which confidential materials are identified, discussed or disclosed shall be limited to the court reporter, the deponent, counsel for the deponent, counsel for the parties, and any parties or representative of the parties who are bound by the terms of this agreement.

9. The parties shall designate deposition testimony as confidential material, in part, by identifying specific lines and/or pages as confidential material in writing within thirty (15) days of the entry of this order. All deposition testimony shall be treated as confidential material until expiration of the fifteen (15) day period. Moreover, regardless of specific designations of confidentiality or the lack thereof, all deposition transcripts containing

testimony of employees of any Progressive entity, inclusive of any copies, shall be returned to counsel for Progressive Southeastern, in accordance with the procedures set forth in Paragraph Six (6).

10. In the event any confidential materials are inadvertently disclosed, the disclosure shall not constitute a waiver of any privilege or objection relating to the confidential material.

11. Any confidential materials that are introduced into evidence and admitted at trial, are no longer deemed to be confidential materials, and such documents shall no longer be afforded protection under the terms of this order, subject to any further order of the court.

12. Should the parties seek to file certain materials under seal, they shall abide by the following procedures:

    (a) Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (I) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (ii) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (iv) the reasons why

alternatives to sealing are inadequate; and, (v) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

(b)  When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

SO ORDERED, this the _11th_ day of June, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

5